UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNIA MATOS , <br><br>　　　　　Plaintiff(s), <br><br>　　　v. <br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC <br><br>　　　　　Defendant(s). | Case No. 2:24−cv−03912−SPG−MAA <br><br>**ORDER SETTING SCHEDULING CONFERENCE** <br><br>Date:　　　　August 14, 2024 <br>Time:　　　　03:00 PM <br>Courtroom:　　5C |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to United States District Judge Sherilyn Peace Garnett. This matter is set for a Scheduling Conference on the above date in Courtroom 5C of the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012.

**A.　PRELIMINARY MATTERS**

**1.　Service of Pleadings.** If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff shall do so <u>promptly</u> and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R.

Civ. P. 4; Local Rule 4. Defendants also shall timely serve and file their responsive pleadings (if not previously done) and comply the requirements of Local Rule 5-3.2. At the Scheduling Conference, the court will set a date by which motions to amend the pleadings or add parties must be heard.

**2.   Order Applies to Pro Se Litigants.**  "Counsel," as used in this Order, includes parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "Pro Se Litigants"). Pro Se Litigants must comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules.  *See* L.R. 1-3, 83-2.2.3. Pro Se Litigants are required to participate in the scheduling conference.

**3.   Notice to be Provided by Counsel.**  Plaintiff's counsel or, if plaintiff is a Pro Se Litigant, defendant's counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order. This and all other applicable orders in this case are available on Judge Garnett's Webpage (scroll to the bottom) http://www.cacd.uscourts.gov/honorable–sherilyn–peace–garnett. The Local Rules are available on the Central District of California Website.

**4.   Compliance with Fed. R. Civ. P. 26.**  The scheduling conference will be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least twenty-one (21) days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court encourages Counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery. At the scheduling conference the Court will impose strict deadlines to complete discovery.

\\\

**5. Participation of Lead Trial Counsel and Unrepresented Parties.** Lead trial counsel and any unrepresented parties must attend the scheduling conference, unless excused by the Court for good cause prior to the conference.

**6. Continuance.** A request to continue the scheduling conference will be granted only for good cause. The parties should plan to file the Joint Rule 26(f) Report on the original due date even if a continuance is granted. The Court will not continue the scheduling conference to allow the parties to explore settlement.

**7. Vacating the Conference.** The Court may vacate the scheduling conference and issue a case management order based on the Joint Rule 26(f) Report.

**B.  PARTIES MUST PREPARE AND FILE A JOINT RULE 26(f) REPORT**

The Joint Rule 26(f) Report must be filed not later than fourteen (14) days before the scheduling conference. A Mandatory Chambers Copy of the Joint Rule 26(f) Report must be delivered to Judge Garnett's box outside of the Clerk's Office on the fourth floor of the courthouse by 12:00 p.m. (noon) the day after the Joint Rule 26(f) Report is filed. The Report shall be drafted by plaintiff (unless plaintiff is a Pro Se Litigant or the parties agree otherwise) but shall be submitted and signed jointly. "Jointly" means a single report, regardless of how many separately-represented parties exist in the case. The Joint Rule 26(f) Report shall specify the date of the Mandatory Scheduling Conference on the caption page. Under the title, it shall list the dates of the (1) Original Complaint; (2) Removal (if removed); (3) Responsive Pleading; (4) and Trial (Proposed). The Joint Rule 26(f) Report shall report all the following information, which include those required to be discussed by Rule 26(f) and Local Rule 26, and use numbered section headings and lettered sub-headings that correspond to those below:

**1. Statement of the Case:** A short synopsis (not to exceed two pages) of the main claims, counterclaims, affirmative defenses, and procedural history.

\\\

**2. Subject Matter Jurisdiction:** A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship and the amount in controversy.

**3. Legal Issues.** A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary issues.

**4. Parties, Evidence, etc.** A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**5. Damages.** The realistic range of provable damages.

**6. Insurance.** Whether insurance coverage exists, the extent of coverage, and whether there is or will be a reservation of rights.

**7. Motions:**

    **(a) Procedural Motions.** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

    **(b) Dispositive Motions.** A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the Court's Standing Order for Motions for Summary Judgment for specific guidelines governing summary judgment motions.

    **(c) Class Certification Motion.** For a putative class action, the Court will set a deadline for hearing the class certification motion. The motion must be filed sufficiently far in advance of the deadline to allow for: (1) at least three weeks between the filing of the reply and the hearing; (2) four weeks for the opposition; and (3) two weeks for the reply. The parties must act diligently and begin discovery immediately, because the motion must be filed not later than 120 days from the date originally set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the 120 days

must be supported by a detailed "Class Certification Plan" –attached as an exhibit at the end of the Report– showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion. The failure to provide the Class Certification Plan will result in the denial of additional time.

**8.	Manual for Complex Litigation:** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**9.	Discovery.**

**(a)	Status of Discovery.** A discussion of the present state of discovery, including a summary of pending and completed discovery, and any current or anticipated disputes.

**(b)	Discovery Plan.** A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, proposed changes in the disclosures under Fed. R. Civ. P. 26(a) should be made; the subject(s) on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders. A general statement to the effect that discovery will be conducted on all claims and defenses is unacceptable.

**(c)	Discovery Cut-off:** A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

**(d)	Expert Discovery:** Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

**(e)	Settlement Conference/Alternative Dispute Resolution (ADR).** A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the court will refer the matter for ADR. The parties must state their preference in the Joint Rule 26(f) Report for: (i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private mediator

–5–

(at the parties' expense). The court will exercise its discretion to select an ADR option for the parties if they fail to state a preference. No case will proceed to trial unless all parties, including an officer of all corporate parties (with full authority to settle the case), have appeared personally and participated in an ADR proceeding.

**(f)   Trial:**

    **i.   Trial Estimate.**  Provide a realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the basis for the estimate.

    **ii.   Jury or Court Trial.**  Specify whether trial will be by jury or by court. The default will be a court trial if the parties fail to specify.

    **iii.   Consent to Trial Before a Magistrate Judge.**  Whether the parties agree to try the case (either by jury or court trial) before a magistrate judge. *See* 28 U.S.C. § 636 (requiring party consent). The parties are strongly encouraged to consider consenting to trial before a Magistrate Judge. One benefit to giving such consent is that the parties almost always will be able to proceed to trial sooner than on a District Court Judge's calendar. Additionally, the parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case. The Magistrate Judges have experience and expertise in a variety of areas, including patent and trademark litigation. If the parties consent to trial before a Magistrate Judge, the parties may choose any Magistrate Judge identified on the Central District website and submit the appropriate consent form.

    **iv.   Lead Trial Counsel.**  List the name of the attorney who will serve as lead trial counsel, as well as other attorneys who will participate

in the trial. Only one attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. If a second lead trial counsel is permitted by the Court, both counsels must attend the Pretrial Conference.

**(g)** **Independent Expert or Master:** State whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.

**(h)** **Other Issues:** A statement of any other issues affecting case management, including unusually complex technical issues, related litigations, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

C.  **PARTIES MUST PREPARE AND FILE SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET.**

Complete the text-fillable Schedule of Pretrial and Trial Dates Worksheet ("Worksheet"), which is available at the bottom of Judge Garnett's webpage, https://www.cacd.uscourts.gov/honorable−sherilyn−peace−garnett. **Counsel must email the text-fillable Worksheet to Chambers** at SPG_chambers@cacd.uscourts.gov along with your Joint Rule 26(f) Report. The Court will then issue an order setting the schedule governing this case. Therefore, the parties must make every effort to agree on all pretrial and trial dates.

**1.** **Weeks Before FPTC.** The "Weeks Before FPTC" column reflect what the Court believes is appropriate for most cases and will allow the Court

to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference. However, counsel may ask for earlier last dates by which the key requirements must be completed. Each date should be stated as month, day, and year, e.g., 10/15/2019.

     **2.**   **Hearings.**  Hearings shall be on Wednesdays at 1:30 p.m. The Final Pretrial Conference shall be at 3:00 p.m. Other deadlines (those not involving the Court) can be any day of the week. Counsel must avoid holidays. The Court may order different dates than those requested.

     **3.**   **Discovery Cut-Off Date.**  The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard.

     **4.**   **Motions Cut-off.**  The cut-off date for motions is the last date on which motions may be heard, not filed.

     **5.**   **Additional Dates.**  If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate Stipulation and Proposed Order. This is often appropriate for class actions, patent cases, and ERISA cases. For ERISA Cases Involving Benefits Claims, the parties may receive a scheduling conference order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a joint status report identifying any special issues that should should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

**D.   COUNSEL MUST DELIVER ORDER TO CLIENTS.** Counsel are ordered to deliver to their clients a copy of this Order, which will contain the schedule that the Court sets at the scheduling conference. This and all other generally applicable orders of this court are available on the Central District of California website, www.cacd.uscourts.gov . The Local Rules are also available on the court's website at https://www.cacd.uscourts.gov/court–procedures/local–rules.

The Court thanks the parties and their counsel for their anticipated cooperation.

**IT IS SO ORDERED.**

Dated: July 17, 2024

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

–9–