F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS,
A Professional Law Corporation
17200 Ventura Blvd., Suite 115
Encino, CA 91316
Telephone: (818) 510.0555
Facsimile: (818) 510.0590

*Attorneys for Plaintiff,*
Dunia Matos

TROUTMAN PEPPER HAMILTON SANDERS LLP
Andrick J. Zeen (SBN 335646)
andrick.zeen@troutman.com
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Tel.: 213.928.9866

*Attorneys for Defendant*
PORTFOLIO RECOVERY
ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUNIA MATOS**, <br><br> Plaintiff, <br><br> vs. <br><br> **PORTFOLIO RECOVERY ASSOCIATES, LLC,** <br><br> Defendant. | Case No. 2:24-cv-03912-SPG-MAA <br><br> *Hon. Sherilyn Peace Garnett* <br><br> **JOINT RULE 26(F) REPORT** <br><br> **(F.R.C.P. 26 AND L.R. 26-1)** <br><br> Date: August 14, 2024 <br> Time: 3:00 PM <br> Place: Courtroom 5C, 350 W. 1st St. <br>         Los Angeles, CA 90012 <br> Complaint Filed: May 9, 2024 <br> Responsive Pleading Filed: July 16, 2024 <br> Trial Date (proposed): August 5, 2025 |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference ("Order"), Plaintiff Dunia Matos ("Plaintiff") and Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant") hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

### 1. Statement of the Case

**Plaintiff**: Sometime prior to September 26, 2023, someone incurred an alleged debt which was placed with Defendant for collections. Thereafter, Defendant began attempting to collect the alleged debt from Plaintiff, telephoning Plaintiff an egregious and unreasonable number of times. This conduct lasted until at least January 24, 2024. This included numerous calls per day, and calls made before 8:00 am and after 8:00 pm. On several occasions, Plaintiff attempted to figure out the nature of the debt and why it was being collected from Plaintiff, however, PRA would hang up on her.

As such, through this conduct Plaintiff alleges that Defendants are liable for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"), and Cal. Code Civ. Proc. §1788 et seq ("Rosenthal Act").

**Defendant:** Defendant denies it violated the Fair Debt Collection Practices Act ("FDCPA") and/or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") with respect to Plaintiff and further denies Plaintiff is entitled to any of the requested relief and/or judgments. To the extent Defendant is found to have violated the FDCPA and/or the RFDCPA, any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### 2. Subject Matter Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this matter arises out of a question of federal law, in particular the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"). Further, the Court has

jurisdiction pursuant to 28 U.S.C. § 1367 for supplemental state claims. jurisdiction or venue.

**3. <u>Legal Issues:</u>**

<u>Plaintiff</u>:

- Whether or not Defendants committed a violation of the FDCPA.
- Whether or not US Bank violated the Rosenthal Act.
- Whether or not US Bank willfully and knowingly violated the Rosenthal Act.

<u>Defendant:</u>

- Whether Plaintiff is a "consumer" as that term is defined by the FDCPA.
- Whether the financial obligation referenced in the Complaint is a "debt" under the FDCPA and a "consumer debt" under the RFDCPA.
- Whether Defendant violated the FDCPA and/or RFDCPA.
- Whether any violation of the FDCPA or RFDCPA was the result of a bona fide error.

**4. <u>Parties, Evidence, etc.</u>**

<u>Plaintiff:</u>

- The parties include Plaintiffs and Defendants.
- Percipient witnesses: Plaintiff and Scott Moorby. Defendant's employees, agents and representatives, Plaintiff's husband, Plaintiff's son. Agents, representatives and employees of T-Mobile.
- Any potential expert witnesses.
- Documentary evidence:
    1. Plaintiff's file as maintained by Defendants;
    2. Any and all documents produced by Defendants or any other parties or non-parties pursuant to discovery requests served upon it by Plaintiff or any other party or non-party;

    3. Any and all documents reviewed by any expert in this action;

    4. Any report provided by an expert in this action;

    5. Any and all documents relied upon or utilized by Defendants;

    6. Any and all rebuttal or impeachment documents as may be deemed necessary;

    7. Any and all records of telephonic communications between Plaintiff and Defendant;

    10. Any and all documents that may become known during the course of discovery; and

    11. Any and all documents identified in Defendant's respective Initial Disclosures.

**Defendant:**

- The parties include Plaintiff and Defendant.
- Percipient witnesses: Plaintiff, Defendant's corporate representative, and any potential expert witnesses.
- Documentary evidence:

    1. Any and all documents evidencing the nature of the debt;

    2. Any and all documents

    3. Any and all records of telephonic communications between Plaintiff and Defendant;

    4. Any and all documents produced by Plaintiff or any other parties or non-parties pursuant to discovery requests served upon it by Defendant or any other party or non-party;

    5. Any and all documents reviewed by any expert in this action;

    6. Any report provided by an expert in this action;

    7. Any and all documents Any and all documents relied upon or utilized by Plaintiff;

8. Any and all rebuttal or impeachment documents as may be deemed necessary;

9. Any and all documents that may become known during the course of discovery; and

8. Any and all documents identified in Plaintiff's Initial Disclosures.

### 5. Damages:

**Plaintiff:**

- An award of additional damages, as the Court may allow, up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3), against Defendant;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
- An award of actual damages in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- Any other relief the court deems proper.

Plaintiff believes the damages range from $100,000 to $350,000 or more against each defendant. Additional discovery is required.

**Defendant:** Defendant seeks no damages at this time, but it reserves the right to do so. Further, Defendant denies liability to Plaintiff for any damages.

### 6. Insurance:

**Plaintiff:** Plaintiff does not have insurance that would cover this matter.

**Defendant: Defendant has not identified an insurance agreement under which an insurance business may be liable to satisfy all or part of a reasonably possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

7. **Motions:**
   (a) **Procedural Motions:**
      a. **Plaintiff:** Plaintiff does not anticipate filing any procedural motions to add other parties or claims, to amend its pleadings, to dismiss for lack of jurisdiction, or to transfer venue.
      b. **Defendant:** Defendant does not anticipate filing any procedural motions.

   (b) **Dispositive Motions:**
      a. **Plaintiff:** Plaintiff may file a motion for summary adjudication/judgment, and any necessary motions in limine.
      b. **Defendant:** Defendant contemplates filing a motion for summary judgment following the close of discovery.

8. **Manual For Complex Litigation:** The parties do not believe this to be necessary.

9. **Discovery:**

   The parties ensure there will be full and timely compliance with the initial disclosure requirement of FRCP 26, including the disclosure of persons with discoverable information, description of all documents that the parties may use to support their claims or defenses, damages, and insurance.

   a. **Status of Discovery:**
      i. Plaintiff intends to serve written discovery on all Defendants, including interrogatories, requests for admission and requests

for productions. Plaintiff also intends to depose all of Defendants person(s) most knowledgeable pursuant to FRCP 30(b)(6) and/or any other percipient witnesses that are revealed through the course of discovery. Plaintiff is unaware of the identities of these people at this time. Discovery will be needed on all subjects and legal issues as set forth above.

    ii. **Defendant:** Defendant anticipates serving written discovery on Plaintiff, including interrogatories, requests for production, and requests for admission, and taking Plaintiff's deposition.

b. **Discovery Plan:** The parties do not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

c. **Discovery Cut-off:** 2/26/2025

d. **Expert Discovery Cut-off:** Cutoff is 4/2/2025

e. **Settlement and ADR**:
    i. The parties have engaged in settlement negotiations.
    ii. The parties agree to ADR method (ii) – the Court Mediation Panel.

f. <u>**Trial:**</u>
    i. The Parties estimate a jury trial of 3-4 days.
       1. <u>**Plaintiff**</u> expects to call 5-7 witnesses: Plaintiff, Plaintiff's percipient witnesses, at least one representative / 30(b)(6) witness for each Defendant; and Plaintiff's experts.
       2. <u>**Defendant:**</u> Defendant anticipates calling two witnesses. Its corporate representative and expert witness (if any).
    ii. Plaintiff requests a jury trial.
    iii. The Parties do not consent to trial before a magistrate judge.

    iv. F. Jay Rahimi will serve as lead trial counsel for **Plaintiff.**

    Andrick J. Zeen will serve as lead trial counsel for **Defendant.**

 g. <u>**Independent Expert or Master**</u>

   i. The Parties do not believe this is a case in which the Court should consider appointing a master.

 h. <u>**Other Issues:**</u>

The parties do not believe that there are any unusual, complex or technical legal issues.

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, and scope and form of, such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of

1  service) provide the sending party with confirmation of receipt of the service by email.
2  The format to be used for attachments to any email message shall be Microsoft Word
3  (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by
4  the sending party, that party shall promptly (within one business day of receipt of such
5  message) notify the intended recipient of the message and serve the pleading or other
6  papers by other authorized means.

7  Lastly, the parties are not seeking documents or information protected by
8  privilege or otherwise exempted from discovery under the Federal Rules of Civil
9  Procedure or other laws.  The parties agree that following service of any interrogatory
10 response or document production from which some or all information or documents
11 are withheld on the basis of privilege, the parties will confer on the scope of the
12 interrogatories and/or requests for production, the need to limit the scope of same, and
13 any need for privilege logs.

**The Schedule or Pretrial and Trial Dates Worksheet is Attached Hereto.**

DATED:  July 29, 2024         LOS ANGELES LEGAL SOLUTIONS

By: */s/ F. Jay Rahimi*
F. Jay Rahimi, Esq.
Counsel for *Plaintiff,*
Dunia Matos

DATED: July 29, 2024          TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Andrick J. Zeen*
Andrick J. Zeen, Esq.
Counsel for *Defendant,*
Portfolio Recovery Associates, LLC

## **SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4 of the United States District Court for the Central District of California, I hereby certify that the content of this document is acceptable to counsel for Plaintiff and Defendant and that I have obtained counsels' authorization to affix their electronic signatures to this document.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, a true and correct copy of the foregoing document entitled JOINT RULE 26(f) Report was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

　　　　　　　　　　　　　　　　/s/ *F. Jay Rahimi*
　　　　　　　　　　　　　　　F. Jay Rahimi, Esq.

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: ☐ Jury Trial or ☐ Court Trial ☐] Magistrate Judge (**Monday** at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: _____ Days | | | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**Wednesday** at 3:00 p.m., at least 18 days before trial) | | | |
| **Event** [1] **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | 24 | | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | | |
| Expert Disclosure (Initial) | 16 | | |
| Expert Disclosure (Rebuttal) | 14 | | |
| Expert Discovery Cut-Off | 13 | | |
| Last Date to Hear Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due at least 3 weeks before hearing; • Reply due at least 2 weeks before hearing. | 12 | | |
| Last Date to Hear *Daubert* Motions | 8 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☐ 1. Magistrate Judge *(with Court approval)* ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions.